Matter of Daniels v New York City Tr. Auth. (2024 NY Slip Op 05517)

Matter of Daniels v New York City Tr. Auth.

2024 NY Slip Op 05517

Decided on November 7, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 7, 2024

CV-23-0766
[*1]In the Matter of the Claim of Mary Daniels, Appellant,
v
New York City Transit Authority, Respondent. Workers' Compensation Board, Respondent.

Calendar Date:October 7, 2024

Before:Egan Jr., J.P., Aarons, Pritzker, Lynch and McShan, JJ.

Schotter Millican, LLP, Brooklyn (Geoffrey Schotter of counsel), for appellant.
Weiss, Wexler & Wornow, PC, New York City (J. Evan Perigoe of counsel), for New York City Transit Authority, respondent.

McShan, J.
Appeal from a decision of the Workers' Compensation Board, filed March 28, 2023, which ruled, among other things, that claimant did not sustain a causally-related injury to her neck.
Claimant, a train conductor for the employer, filed a claim for workers' compensation benefits, alleging that she suffered work-related injuries to her right shoulder, right elbow and right hand on March 4, 2022. Based upon the medical report of claimant's treating physician, a Workers' Compensation Law Judge (hereinafter WCLJ) found prima facie medical evidence of injuries to claimant's neck, right shoulder and right elbow. Following a hearing, the WCLJ established the claim for causally-related injuries to claimant's right shoulder and right elbow, but found that claimant had not established a causally-related injury to her neck. Upon review, the Workers' Compensation Board affirmed the WCLJ's determination, and claimant appeals.
We affirm. "The Board is empowered to determine the factual issue of whether a causal relationship exists based upon the record, and its determination will not be disturbed when supported by substantial evidence" (Matter of Sudnik v Pinnacle Envtl. Corp., 190 AD3d 1067, 1068 [3d Dept 2021] [internal quotation marks and citations omitted]). In that regard, "[a] claimant bears the burden of establishing, by competent medical evidence, a causal relationship between an injury and his or her employment" (Matter of Maldonado v Doria, Inc., 192 AD3d 1247, 1248 [3d Dept 2021] [internal quotation marks and citations omitted]). "In assessing such proof, the Board has broad authority to resolve factual issues based on credibility of witnesses and draw any reasonable inference from the evidence in the record" (Matter of Kennedy v 3rd Track Constructors, 213 AD3d 1005, 1007 [3d Dept 2023] [internal quotation marks and citations omitted]; see Matter of Flores v Millennium Servs., LLC, 215 AD3d 1146, 1148 [3d Dept 2023]).
Claimant presented the reports and testimony of her treating physician and the orthopedic surgeon who examined her on behalf of the employer, who both opined, as relevant here, that claimant suffered a causally-related injury to her neck as a result of the March 2022 incident. Both medical experts indicated in their reports that claimant complained to them of pain in her right arm and neck. The Board acknowledged, however, that claimant did not reference neck pain or any injury to her neck in either her claim for benefits or her job injury report, both of which were completed on the day of the incident. Further, the Board noted that, when questioned by the WCLJ during the hearing, claimant denied injuring any body part other than her arm. Deferring to the Board's credibility determinations, we find that its finding that the medical opinions of a causally-related neck injury — which were based upon a history provided by claimant — do not have a proper factual basis is supported by substantial evidence (see Matter of Flores v Millennium [*2]Servs., LLC, 215 AD3d at 1148; Matter of Salas v Tom Cat Bakery, Inc., 193 AD3d 1225, 1227 [3d Dept 2021]). Accordingly, the Board's decision will not be disturbed.
Egan Jr., J.P., Aarons, Pritzker and Lynch, JJ., concur.
ORDERED that the decision is affirmed, without costs.